(June 18, 1985)

■ DAVID J. E. SILBER, Respondent, v BENA SILBER, Appellant. — In a divorce action, the defendant wife appeals (1) from an order of the Supreme Court, Dutchess County (Burchell, J.), dated February 24, 1984, which denied her discovery of the names of the individual clients of plaintiff's law firm, and (2) as limited by her brief, from so much of an order of the same court (Gurahian, J.), dated January 31, 1985, as granted that branch of plaintiff's motion which was for a protective order denying defendant's request for an examination before trial of the accountant and bookkeeper of his law firm.

Order dated February 24, 1984, affirmed and order dated January 31, 1985, affirmed insofar as appealed from, with separate bills of costs.

Special Term (Gurahian, J.), properly granted that branch of the plaintiff husband's motion which was for a protective order with respect to defendant's notice to depose two additional witnesses. Defendant's conduct throughout discovery has been vexatious and dilatory. By order dated November 28, 1983, Justice Burchell directed the defendant to complete her pretrial discovery within 60 days of service of said order. Despite that order she served a notice of discovery and inspection on May 18, 1984, consisting of 26 items. The plaintiff moved for an order of protection. Although Justice Donovan, in the interest of expediting the trial of this action, ordered the plaintiff to produce some of the items demanded, he noted that the demand was untimely in light of Justice Burchell's order. In November, 1984, once again in blatant disregard of previous court orders, defendant served notices to depose the accountant and bookkeeper of plaintiff's law firm. Under the circumstances, it was not an abuse of discretion for Special Term to have granted a protective order so as to deny the defendant's request for an examination of the people in question.

Moreover, under the circumstances of this case, where defense counsel has been dilatory in seeking disclosure and initially

stated that he was not seeking the names of the clients of the plaintff's law firm, we find no abuse of discretion in Justice Burchell's denial of the defendant's request for discovery of the names.

Furthermore, the defendant's appendix did not provide this court with an appropriate basis upon which to consider the issues. However, the plaintiff did provide the court with a proper appendix. Accordingly, we have awarded him separate bills of costs. Lazer, J. P., Bracken, Brown and Lawrence, JJ., concur.